Milton A. Wiltse, J.
The defendant was convicted on January 29, 1962 of violation of subdivision 3 of section 1180 of the Vehicle and Traffic Law, after a trial before the Honorable Joseph Oxley, Justice of the Peace of the Town of Antwerp. Judgment was entered on that day.
The section above mentioned limits speed of a vehicle on the public highway to 50 miles an hour unless a greater speed is permitted by the State Traffic Commission.
The defendant, a practicing attorney in the City of Water-town, New York, conducted his own defense at the trial, and has appealed. Several errors are alleged. Only two of them are *50 discussed at any length herein. One is that the People failed to establish the guilt of the defendant beyond a reasonable doubt. The other is that there was error in the court’s refusal to dismiss the charge upon the defendant’s motion, based on his claim that he was privileged from arrest by virtue of section 24 of the Civil Bights Law.
That section reads as follows: ‘6 An officer of a court of record, appointed or elected pursuant to law, is privileged from arrest, during the actual sitting, which he is required to attend, of a term of the court of which he is an officer, and no longer; but an attorney or counselor is not thus privileged, unless he is employed in a cause, to be heard at that term ’ ’.
The testimony reveals that the defendant was driving his automobile on Boute 11, accompanied by a client, from Water-town, in Jefferson County, toward Canton, in St. Lawrence County, on September 27,1962. He stated that he was to appear in court with the client at Canton at 2 o’clock in the afternoon of that day.
Two members of the New York State Police were patroling Boute 11 in a State Police vehicle. Both of the officers testified that north of the Village of Antwerp they followed the defendant’s automobile for about two miles, being approximately 300 feet behind him. Both stated that the speedometer reading on the police vehicle over the two-mile distance was 70 miles an hour. One of the officers testified that he drove an automobile about 25,000 miles a year, had done so over a period of years, had observed the speed of motor vehicles, and had formed opinions of their speed; that he had tested his opinion of speed with fixed objects and calibrated measuring devices; that Ms opinion was generally accurate within 5 miles an hour; and that in Ms opinion the defendant was traveling between 65 and 70 miles an hour.
There were no signs on the highway erected by the State Traffic Commission permitting a speed in excess of 50 miles an hour.
When the defendant was overtaken by the police vehicle, at about 1:30 o’clock, he was given a uniform traffic ticket. He did not actually appear before the Justice of the Peace until the date of trial, on January 29,1962. Neither was he arraigned until that date.
There was sufficient testimony to establish that defendant was exceeding the speed limit. (People v. Heyser, 2 N Y 2d 390.)
The question remaining is whether he was privileged from arrest, as he claims, by virtue of section 24 of the Civil Bights Law.
*51 As this section relates to an attorney, it is believed that it contemplates the prohibition of any arrest which would unreasonably delay, or prevent, his being present during a term of court when a client’s case, or some proceeding in connection with it, was actually being heard.
It appears that this defendant was merely stopped for sufficient time to deliver to him a uniform traffic ticket. He was not required to appear before the Justice of the Peace for any purpose until some months later. He was free to continue on to the courthouse at Canton as soon as the ticket was given to him. It does not appear that he was delayed in his travels toward Canton for any appreciable time.
Under the facts present here, the defendant may not avail himself of the provisions of section 24 of the Civil Rights Law.
The court’s denial of defendant’s motion to dismiss the charge did not constitute reversible error.
The guilt of the defendant was proved beyond a reasonable doubt. The judgment of conviction is affirmed in all respects.